**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

REFUGIO RODARTE-MORALES,
a/k/a Jose Lopes-Morales,

      Defendant-Appellant.

No. 10-3310
(D.C. No. 2:10-CR-20060-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After Appellant Refugio Rodarte-Morales pled guilty to one count of unlawful reentry of a previously deported alien, the district court sentenced him to twenty-four months imprisonment. Although Mr. Rodarte-Morales appeals his conviction and sentence, his attorney has filed an *Anders* brief and a request for permission to withdraw as counsel which we construe as a motion to withdraw.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On July 19, 2010, pursuant to a plea agreement, Mr. Rodarte-Morales pled guilty to unlawful reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a), with reference to 6 U.S.C. §§ 202(3), 202(4), and 557. As part of the plea agreement, Mr. Rodarte-Morales stated he understood his guilty plea could subject him to a maximum statutory punishment of twenty-four months incarceration and that the district court would consider the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") when sentencing him. At the plea hearing, the district court accepted Mr. Rodarte-Morales's guilty plea, finding it was freely, voluntarily, and intelligently made and that he admitted to the essential elements of the crime charged.

---

[1] While no separate motion was filed, in the *Anders* brief, Mr. Rodarte-Morales's counsel "respectfully requests that the Court allow Counsel to withdraw from further representation of [Mr. Rodarte-Morales] in this matter."

Thereafter, a probation officer prepared a presentence report calculating Mr. Rodarte-Morales's sentence under the applicable 2009 Guidelines. The probation officer set the base offense level at 8, under U.S.S.G. § 2L1.2(a), and added a twelve-level increase, under U.S.S.G. § 2L1.2(b)(1)(B), based on its finding that Mr. Rodarte-Morales had a prior aggravated felony conviction for delivery of cocaine for which he received a sentence of time served – from July 15, 2009, to November 17, 2009. Based on Mr. Rodarte-Morales's acceptance of responsibility, the probation officer also included a three-level reduction, for a total offense level of 17. A total offense level of 17, together with a criminal history category of V, resulted in a Guidelines range of forty-six to fifty-seven months imprisonment. However, despite this calculation of his Guidelines range, the probation officer determined Mr. Rodarte-Morales's sentence should be twenty-four months because he only pled guilty to a statutory maximum penalty of two years.

Although Mr. Rodarte-Morales did not object to the presentence report, the government did, arguing a twenty-year maximum penalty and Guidelines range of forty-six to fifty-seven months imprisonment should apply because Mr. Rodarte-Morales illegally reentered the country following a previous aggravated felony drug conviction. In response, the probation officer again noted Mr. Rodarte-Morales was only advised of the two-year maximum penalty so his plea could

only be knowingly, voluntarily, and intelligently entered with respect to a twenty-four-month sentence.

At his sentencing hearing held on November 15, 2010, Mr. Rodarte-Morales presented no objections to the presentence report, and the government withdrew its objection to a twenty-four-month sentence. After applying the offense level of 17 to a lower criminal history category of IV, the district court calculated the Guidelines range at thirty-seven to forty-six months imprisonment; neither party objected to this calculation. Instead, Mr. Rodarte-Morales sought a variant sentence of only twelve months and one day, on grounds: (1) his mother died when he was fourteen and he had no family life since then; (2) he is illiterate and has primarily worked in agriculture; (3) he is a chronic alcoholic; (4) his criminal history is commensurate with substance abuse and primarily includes misdemeanor crimes of trespassing, marijuana possession, and minor assaults; and (5) his recent cocaine conviction was uncharacteristic for him, inconsistent with the rest of his criminal history, and resulted in only a short term of imprisonment, so that a twelve-level enhancement overestimates its severity. In response, the government argued Mr. Rodarte-Morales's criminal history of thirty-five convictions over thirty years showed his total disrespect for the law and was vastly under-represented because thirty-one of those convictions were not used to calculate his criminal history score.

In imposing a twenty-four-month sentence, the district court explicitly stated that it had considered the presentence report, the parties' statements, the advisory nature of the Guidelines, and the sentencing factors in 18 U.S.C. § 3553(a). In considering the § 3553(a) factors, the district court stated it considered the nature and circumstance of the offense and Mr. Rodarte-Morales's history and characteristics, including his lengthy criminal record over a thirty-year span, numerous alcohol-related and marijuana offenses, and his recent aggravated felony conviction for delivering cocaine. It also recognized Mr. Rodarte-Morales entered into a plea agreement in which the maximum term of imprisonment of which he was informed was only twenty-four months and stated that in light of that circumstance, as well as the sentencing factors, it believed a twenty-four-month sentence was appropriate to comply with those factors. It further stated:

> [J]ust so the record's clear in regards to what the court has done on its sentence, the court has recognized that it has the discretion to make a variance in regards to the sentence, and in fact has done so in regards to the 24 months being lower than the guideline range of 37 to 46 months.

Following Mr. Rodarte-Morales's timely pro se notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining no meritorious issues exist on appeal and requesting permission to withdraw as counsel. *See Anders*, 386 U.S. at 744. More specifically, he points out Mr. Rodarte-Morales's sentence

of twenty-four months does not exceed the statutory maximum penalty of which he was advised. He also states the district court did not commit any procedural error in calculating his sentence, and that the twenty-four-month sentence is substantively reasonable, given it is thirteen months below the low end of the Guidelines range of thirty-seven to forty-six months imprisonment. In so asserting, his counsel also notes that after the probation officer unearthed Mr. Rodarte-Morales's prior conviction for an aggravated felony, the potential statutory maximum increased to twenty years punishment and his advisory Guidelines range increased to thirty-seven to forty-six months imprisonment. As a result, he acknowledges Mr. Rodarte-Morales could have been put in the difficult position of withdrawing his plea and facing a lengthier sentence had the government not withdrawn its objection to the presentence report, recommending a twenty-four-month sentence based on Mr. Rodarte-Morales's plea agreement.

Pursuant to *Anders,* this court gave Mr. Rodarte-Morales an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. His counsel also advised he would assist Mr. Rodarte-Morales with any such response. However, Mr. Rodarte-Morales failed to file a response. The government has filed a notice of its intent not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* Nothing in the record indicates Mr. Rodarte-Morales's plea was not freely, voluntarily, and intelligently made for the purpose of challenging his conviction. As to his sentence, we review it for reasonableness as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. Nothing in the record indicates the district court improperly calculated the offense level and criminal history category or otherwise improperly calculated Mr. Rodarte-Morales's sentence. After properly calculating the sentence, the district court sentenced him to twenty-four months imprisonment – well below the advisory Guidelines range, which is entitled to a rebuttable presumption of reasonableness. *See id.* at 1053-55. Neither Mr. Rodarte-Morales nor his counsel has presented any nonfrivolous reason on appeal warranting a lower sentence. *See id.*

III.  Conclusion

For these reasons, no meritorious appellate issue exists for our review on direct appeal.  Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Rodarte-Morales's appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-8-